JOHN AYRES & another *vs.* NATHANIEL SLEEPER.

A count for goods sold and delivered is not supported by proof that goods were con-
signed to the defendant for sale, and that he sold them and unreasonably refused or
neglected to account for the proceeds, after demand made on him to pay or account
for them.

ASSUMPSIT on the money counts, a count for goods sold and
delivered, and a count on an account stated. At the trial,
in the court of common pleas, the plaintiff gave evidence that the
goods, the price of which was sought to be recovered in this ac-
tion, were delivered to the defendant upon a special agreement,
by which they were to be sold by him for the plaintiffs, and
were not to become the property of the defendant. And the
court instructed the jury, that "if they were satisfied that the
goods had been sold by the defendant, and that he had unrea-
sonably neglected or refused to account with the plaintiffs, after
the sale thereof; or if the jury were satisfied that a demand
had been made by the plaintiffs on the defendant, to account or
pay for the proceeds of said goods, and that the defendant had
unreasonably neglected or refused to comply with said demand;
then the plaintiffs were entitled to recover on the count for
goods sold and delivered." The jury found a verdict for the
plaintiffs, and the defendant alleged exceptions to the said
instructions.

*J. G. Abbott,* for the defendant.

*B. F. Butler,* for the plaintiffs.

SHAW, C. J. We think it impossible to support the direc-
tion of the court to the jury, on the trial of this cause, that in
the case stated the plaintiffs could recover on the count for
goods sold and delivered. The plaintiffs, having consigned the
goods to the defendant for sale, might undoubtedly have main-
tained an action for neglect or refusal to account on reasonable
request. If the goods had been sold on credit, and the credit
not expired; or if the purchasers had failed, having been in
good credit at the time of the sale; then, on a special count,
alleging the consignment, and a demand for an account, and
the defendant's refusal or neglect to account and pass over the

proceeds, the defendant might show these facts, and they would constitute a good defence. But a neglect or refusal to account, though unreasonable, and not excused by circumstances, cannot convert the consignment into a sale.

If the defendant had wholly refused to render any account, after a considerable lapse of time, we are not prepared to say that such refusal, with other circumstances, might not be evidence, to be left to the jury, to presume that the goods had been sold and paid for, so as to support a count for money had and received. But we are of opinion, that even such circumstances would not sustain a count for goods sold and delivered.

*Verdict set aside, and a new trial ordered.*